# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 28, 2011

No. 10-10616
Summary Calendar

Lyle W. Cayce
Clerk

O. B. BROOKS,

Plaintiff-Appellant

v.

SOUTH PLAINS ASSOCIATION OF GOVERNMENTS,

Defendant-Appellee

Appeal from the United States District Court for the
Northern District of Texas
No. 05:09-CV-00128

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

O.B. Brooks sued his employer, South Plains Association of Governments ("SPAG"), alleging that SPAG discriminated against him on the basis of race by denying him the opportunity to apply for a promotion. The district court granted SPAG summary judgment, and Brooks appeals. We **AFFIRM**.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60616

## FACTS AND PROCEEDINGS

Brooks is a black male who was employed by SPAG as a "program specialist" in its department of aging programs. In late May 2008, the program director of SPAG's department of aging programs, Pete Lara, was terminated. At the meeting announcing Lara's termination, the executive director of SPAG, Tim Pierce, stated that the position would be posted in the local newspaper the following Sunday. At a meeting later that week, Pierce announced that Elizabeth Castro, a Hispanic woman, had volunteered to act as the interim aging program director.

After Castro's appointment as interim director was announced, Brooks e-mailed his resume to Pierce, expressing an interest in the aging director position. Pierce responded to Brooks, stating that SPAG would not post the job for 60 days. SPAG never advertised or announced the aging director position within SPAG or to the general public. SPAG later offered Castro the position on a permanent basis.

Brooks sued SPAG, alleging that SPAG discriminated against him in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1), because it promoted a less qualified employee (Castro) to the aging director position without giving him an equal opportunity to volunteer or apply for the position. SPAG moved for summary judgment and the district court granted summary judgment in its favor. Brooks appeals.

## STANDARD OF REVIEW

We review "a district court's grant of summary judgment de novo, applying the same legal standards as the district court." *Tradewinds Envtl. Restoration, Inc. v. St. Tammany Park, LLC*, 578 F.3d 255, 258 (5th Cir. 2009) (quotation omitted). "[T]he evidence and inferences from the summary judgment record are viewed in the light most favorable to the nonmovant." *Id.* (quotation omitted).

## DISCUSSION

No. 10-60616

"The complainant in a Title VII [action] must carry the initial burden under the statute of establishing a prima facie case of racial discrimination. This may be done by showing (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." *McDonnell Douglas Corp. v. Green*, 411 U.S. 793, 802 (1973). The burden then shifts to the employer to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Id.* If the employer meets its burden of production, the complainant "must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motive[s] alternative)." *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004).

We assume, *arguendo*, that Brooks has established a prima facie case of racial discrimination. SPAG argues that it offered the aging program director position to Castro because she had demonstrated that she was qualified for the position during her temporary service. This constitutes a legitimate, non-discriminatory reason for hiring Castro instead of Brooks. Brooks's claim fails on the third step. Brooks cursorily argues that SPAG's non-discriminatory reason was pretextual because SPAG did not show Castro was more qualified than Brooks.[1] Brooks miscomprehends the law: *he*, not SPAG, bears the burden of showing that Castro was a less qualified applicant. *Celestine v. Petroleos de*

---

[1] Brooks did not argue a mixed-motive theory of discrimination before the district court, therefore this argument is waived. *Nasti v. CIBA Specialty Chems. Corp.*, 492 F.3d 589, 595 (5th Cir. 2007).

No. 10-60616

*Venezuella SA*, 266 F.3d 343, 356-57 (5th Cir. 2001).  The bar for showing pretext through superior qualifications is high "because differences in qualifications are generally not probative evidence of discrimination unless those disparities are of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Id*. at 357 (internal quotation omitted).  By failing to present any evidence of Castro's qualifications, Brooks failed to raise a question of material fact on his theory that SPAG's reason for hiring Castro was pretextual. The district court properly granted summary judgment in favor of SPAG.

## CONCLUSION

For the reasons described above, the district court's judgment is **AFFIRMED**.

4